UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV135-3-V
(5:07CR50)

| | |
|---|---|
| CHEUKMA K. SANDERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. § 2255 (Document No. 1 ) filed December 2, 2009. Petitioner's Motion to Vacate also include a motion for the appointment of counsel.

For the reasons stated herein Petitioner's Motion for the Appointment of Counsel will be denied and his Motion to Vacate will be denied and dismissed.

**I. PROCEDURAL HISTORY**

On February 26, 2008, Petitioner was named in Count One of a thirty-count Superseding Indictment charging him with conspiracy to possess with intent to distribute a quantity of cocaine and cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Case No. 5:07cr50, Doc. No. 78: Superseding Indictment.) On June 25, 2008 Petitioner entered a guilty plea to Count One of the Superseding Indictment pursuant to a plea agreement and appeared with counsel before a magistrate judge for a Plea and Rule 11 Hearing. (Id., Doc. No. 164: Plea Agreement.) At that hearing, Magistrate Judge Keesler, placed Petitioner under oath and then engaged him in a lengthy colloquy

1

to ensure that his guilty plea was being intelligently and voluntarily tendered. Judge Keesler specifically asked Petitioner if he had reviewed his indictment and if he understood the charges and its corresponding penalties. Under oath, Petitioner stated that he had reviewed the charges with counsel and understood them, the essential elements and the maximum penalties he was facing. (Id., Doc. No. 167: Acceptance and Entry of Guilty Plea Form) Further Judge Keelser asked Petitioner if he had discussed his right to appeal and if he understood that by pleading guilty he would be waiving his right to trial by jury and all rights attendant thereto. Again, under oath, Petitioner stated that he understood and accepted those limitations and wanted to plead guilty. (Id.) After hearing Petitioner's answers to each of its questions, the magistrate judge found that his guilty plea was knowingly and voluntarily entered and made and that he understood the charges, penalties and consequences of the plea. Accordingly, the Court accepted Petitioner's plea. (Id.)

On January 5, 2009, Petitioner appeared before the undersigned for a factual basis and sentencing hearing, during which he stipulated that there was a factual basis to support his guilty plea. (Case No. 5:07cr50, Doc. No. 339: Transcript of Sentencing Hearing at 3.) In addition, the Court confirmed that counsel reviewed the presentence report ("PSR" hereafter) with Petitioner. (Id.) The undersigned sentenced Petitioner to 292 months imprisonment to be followed by ten years of supervised release.[1] (Id., Doc. No. 237: Judgment.)

Petitioner filed a notice of appeal on June 1, 2009. (Case No. 5:07cr50, Doc. No. 300: Notice of Appeal.) The Fourth Circuit granted the Government's motion to dismiss the appeal concluding

---

[1] The Court notes that on April 4, 2008, the Government filed a notice pursuant to 21 U.S.C. § 851 listing five prior felony convictions. (Case No. 5:07cv50, Doc. No. 145: Notice.) On December 30, 2008, the Government filed a motion partially withdrawing its prior § 851 notice. (Id., Doc. No. 232). Pursuant to that motion, the Government withdrew paragraphs 1 - 4 of its prior notice.

that Petitioner failed to file a timely notice of appeal or to obtain an extension of the appeal period. United States v. Sanders, (No. 09-4508, 4th Cir., November 2, 2009).

On December 2, 2009, Petitioner filed the instant Motion to Vacate arguing that his counsel was ineffective for failing to object to the career offender enhancement and failing to object to the enhancement for being an organizer or leader pursuant to § 3B1.1 of the Sentencing Guidelines.

## II. LEGAL DISCUSSION

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. . If the petitioner is not entitled to relief, the motion must be dismissed. Following such review, it plainly appears to the Court that Petitioner is not entitled to any relief on his claims.

### A. Appointment of Counsel

In his Motion to Vacate, Petitioner specifically asks that this Court appoint him counsel to assist him in "researching, preparing, filing and arguing a motion identifying and presenting 'first tier' 'ineffective assistance of counsel' claim not developed in this Honorable Court." (Memo in Support of Motion to Vacate at 22.) There is no constitutional right to counsel in habeas proceedings. Crowe v. United States, 175 U.S. 799 (4th Cir. 1949), cert denied, 338 U.S. 950 (1950). Therefore, Petitioner's Motion for Appointment of Counsel is denied.

### B. Ineffective Assistance of Counsel

3

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). Furthermore, in considering the prejudice prong of the analysis, a court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). The petitioner "bears the burden of proving Strickland prejudice," Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31), and if a petitioner fails to meet this burden, a reviewing court need not consider the performance prong. Id, at 1290 (citing Strickland, 466 U.S. at 697). Critically, because Petitioner's claims are attempting to challenge sentencing issues, in order to demonstrate an entitlement to relief, he must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999). Applying the foregoing principles to Petitioner's allegations against counsel, it is apparent that he cannot prevail in this matter.

Petitioner contends that his counsel failed to object to the enhancement included in the Presentence Report (PSR) for Career Offender. Petitioner argues that his counsel told him he would not be categorized as a career offender because the United States agreed to partially withdraw its § 851 notice. Petitioner is confusing 21 U.S.C. § 851 with the career offender provision pursuant to § 4B1.1 of the Sentencing Guidelines. A § 851 notice is filed when the Government is seeking

4

enhanced statutory penalties based on a defendant's prior convictions. In this case, if the Government had not partially withdraw its § 851 notice, Petitioner would be facing a mandatory statutory life sentence. Because the Government partially withdrew its 851 notice, Petitioner's statutory sentence was 240 months to life.[2] With regard to career offender status pursuant to § 4B1.1 of the Sentencing Guidelines, a defendant is a career offender if he/she was at least 18 years old at the time of the instant offense; the instant offense is a felony crime of violence or a controlled substance offense and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. In the instant case, a review of the PSR reveals that Petitioner was assigned 19 criminal history points and has at least four prior felony controlled substances offenses, this case involved a controlled substance offense and Petitioner was at least 18 at the time of the instant offense. Petitioner clearly qualifies as a career offender and the fact that the Government partially withdrew its § 851 notice does not change that fact.

Petitioner does not argue that his criminal history score is incorrect. He does not identify any conviction which was incorrectly counted. Instead, he simply argues that because the Government partially withdrew its § 851 notice, his counsel was ineffective for failing to object to the career offender enhancement. However, as this Court has explained these two provisions work independently of one another. Petitioner has not established that his counsel was deficient for failing to object to the career offender calculation.[3] Petitioner has not established either prong of the

---

[2] The Court notes that the Government explained at the Sentencing hearing that it withdrew part if the 851 notice "in acknowledgment that the defendant has been debriefed." Case No. 5:07cr50, Doc. No. 339: Transcript of Sentencing hearing at 20.)

[3] Moreover, even if Petitioner could establish that his counsel was deficient, which he cannot under these circumstances, he cannot establish any prejudice. Indeed, because Petitioner's offense level of 38 was higher than the offense level of 37 under the career offender

5

Strickland test and therefore his claim that his counsel was ineffective for failing to object to his career offender status is denied.

Next, Petitioner contends that his counsel was ineffective for failing to object to the enhancement in the PSR for his role as leader or manager. However, the evidence in the record completely belies Petitioner's claim. Indeed, there is uncontraverted evidence in the record that Petitioner's counsel did, in fact, object to the two-level enhancement for Petitioner's role as a leader or manager. First, in Petitioner's written objections to the Presentence report filed on October 24, 2008, Petitioner's counsel specifically objected to paragraph 13 of the PSR including the factual basis and the "conclusion that [Petitioner] is subject to a managerial/supervisor role calculation." (Case 5:07cr50, Doc. No. 205: Defendant's Objections to the PSR.) Counsel argued that "there is no evidence that Defendant ever directed or instructed Ann Norman in how to cook cocaine. Defendant's own information to the government is that he did not know how to cook cocaine, so he could not have directed or instructed anyone else to do so. In addition, Defendant never paid or 'employed' Elizabeth Ann Norman to cook cocaine on his behalf. He never gave or promised her anything for such actions." Id. Moreover, at the Sentencing hearing, Petitioner's counsel argued again that Petitioner should not be given an enhancement for role as Petitioner denied any leadership role. In response to this objection, counsel for the Government called Lieutenant David Ramsey of the Iredell County Sheriff's Office to testify. Lieutenant Ramsey's testimony and counsel's questioning and corresponding argument to the Court goes on for 13 pages in the transcript. (Case No. 5:07cr50, Doc. No. 339: Sentencing Transcript at 5-18.)

---

provision of § 4B1.1, the higher level applied and the Court did not rely on Petitioner's career offender status in sentencing him.

Petitioner's counsel indeed objected to the probation officer's finding that Petitioner exercised a managerial role in the conspiracy. Petitioner's claim that his counsel did not object to the leadership enhancement is belied by the record. Petitioner has not established either prong of the <u>Strickland</u> test. Therefore, Petitioner's claim that his counsel was ineffective for failing to object to the leadership enhancement is denied.

### III. ORDER

**THEREFORE, IT IS HEREBY ORDERED** that:

(1) Petitioner's Motion for the Appointment of Counsel is DENIED;

(2) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is DENIED and DISMISSED (Document No. 1).

**SO ORDERED**.

Signed: December 14, 2009

Richard L. Voorhees
United States District Judge